1   Shayna H. Balch, SBN 024852
    Lori A. Guner, SBN 031646
2   FISHER & PHILLIPS LLP
    3200 N. Central Avenue, Suite 805
3   Phoenix, Arizona 85012-2407
    Telephone: (602) 281-3400
4   Fax: (602) 281-3401
    sbalch@fisherphillips.com
5   lguner@fisherphillips.com
    Attorneys for Defendant
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Konnie Drake, | No. CV-18-02773-PHX-DLR |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS, AND COMPEL ARBITRATION** |
| v. | |
| Conn's HomePlus, | |
| Defendant. | |

In response to Defendant's Motion to Dismiss or, in the Alternative, Stay Proceedings and Compel Arbitration at Doc. 12 ("Motion to Compel Arbitration"), Plaintiff argues that the Court should deny the Defendant's Motion because the DRP is procedurally and substantively unconscionable. In order to give the appearance of validation to his arguments, Plaintiff mischaracterizes, misapplies, and overstates case law. For example, in his response, Plaintiff relies heavily on inapplicable California law.[1] But Plaintiff's arguments are without merit and are nothing more than a distraction from the issue at hand—that the enforceability of the arbitration agreement should be decided in arbitration. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000). Further, for the reasons listed below, the DRP is not procedurally or substantively unconscionable. Accordingly, the Court should dismiss this action and compel binding arbitration in Beaumont Texas, or at least, stay this action while arbitration proceeds.

---

[1] In California, arbitration agreements are presumed to be unenforceable. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1174 (9th Cir. 2003) However, the applicable law in Arizona is the complete opposite—that is, arbitration agreements are presumed enforceable. *Harrington v. Pulte Home Corp.*, 211 Ariz. 241, 247, ¶ 18, 119 P.3d 1044, 1050 (App. 2005).

*FISHER & PHILLIPS LLP*
*3200 N. Central Avenue, Suite 805*
*Phoenix, Arizona 85012-2407*
*(602) 281-3400*

**A. Plaintiff's Statement of Facts Should be Disregarded Because Motions to Dismiss Are to be Decided Between the Four Corners of a Complaint.**

Plaintiff filed a separate Statement of Facts in Response to Defendant's Motion to Compel Arbitration ("SOF"), which relies on factual assertions not contained in the Complaint. (Doc 24-1).[2] The Court should disregard the improperly-filed SOF.[3]

**B. The Only Issue Presently Before the Court is Whether the Parties Agree to Arbitrate.**

On a motion to compel arbitration, the Federal Court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron*, 207 F.3d at 1130. "[U]nless [Plaintiff's] challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). Furthermore, when, as here, the parties have specifically agreed to arbitrate questions regarding the enforceability of the arbitration agreement, such determination is also left to the arbitrator. *Rent-A-Ctr.*, 561 U.S. at 72; *Mohamed v. Uber Techs, Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016); *Momot v. Mastro*, 652 F.3d 982, 987 – 89 (9th Cir. 2011). In determining whether an agreement to arbitrate is enforceable, "district courts apply state contract law," which here, is Arizona.[4] *Id.* at 941. Only challenges to the validity of "the precise agreement to arbitrate at issue" are justiciable by the Court. *Rent-A-Ctr.*, 561 U.S. at 71; *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 937 (9th Cir. 2001.

The Supreme Court has held that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Ctr.*, 561 U.S. at 70. Where, as here, the plaintiff

---

[2] Conn's has simultaneously herewith filed a Motion to Strike the SOF, which explains that the SOF is not permitted by Fed. R. Civ. P. 7 and is barred by this Court's Case Management Order for cases filed on or after May 1, 2017.

[3] When, as here, the arbitrability of a dispute is apparent from the facts of the Complaint, a motion to compel arbitration should be reviewed under the same standards as a motion to dismiss pursuant to FRCP 12(b)(6). *See Scudieri v. Chapman Chevrolet Chandler, LLC*, 2:16-CV-01988 JWS, 2016 WL 6997164 at *1 (D. Ariz. Oct. 25, 2016). Motions to dismiss are limited to the "four corners" of a complaint. *AlliedSignal, Inc. v. City of Phx.*, 182 F.3d 692, 695 (9th Cir. 1999).

[4] However, the result would still be the same under Texas law due to the substantial similarity of the laws. *Aldridge v. Thrift Fin. Mktg., LLC*, 376 S.W.3d 877, 883 (Tex. App. 2012).

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

1  challenges "the validity of the contract as a whole" rather than the specific agreement to

2  arbitrate, the decision regarding the enforceability of the agreement is left "for the

3  arbitrator." *Id.* at 72. As the Supreme Court explained:

> There are two types of validity challenges under § 2 [of the FAA]: "One type challenges specifically the validity of the agreement to arbitrate," and "[t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid."

*Id.* at 70 (quoting *Buckeye Check Cashing*, 546 U.S. at 444). Only the first type of challenge—

"specifically the validity of the agreement to arbitrate"—is "relevant to a court's determination

whether the arbitration agreement at issue is enforceable." *Id.* (internal quotation omitted). Here,

Plaintiff does not dispute that he signed the DRP, which contains the following delegation

provision: "*Claims Covered*: This agreement to submit to binding arbitration through the Plan:

(i) **Covers any disputes concerning the arbitrability of any such controversy or claim.**" (Doc. 12-1 at p.9)(Emphasis added).  Plaintiff has not alleged that this delegation

provision is unenforceable. *See generally* Doc. 24. The DRP further contains the following

agreement to arbitrate all claims regarding or relating to employment discrimination, including

race discrimination:

> As a condition . . . of your employment . . . at CONN'S . . . you agree that any controversy or claim arising out of or relating to your . . . employment relationship with CONN'S, or the termination of that relationship, must be submitted for final and binding resolution by an impartial arbitrator . . . This agreement to submit to binding arbitration through the Plan . . . [c]overs any dispute concerning the arbitrability of any such controversy or claim; and . . . any claim that could be asserted in court . . . regarding or relating to employment discrimination; terms and conditions of the employment; or cessation or termination of employment . . . claims for discrimination (including **discrimination based on . . . race** . . . (Doc 12-1 at p. 9) (emphasis added).

Plaintiff similarly does not dispute that this above-referenced arbitration provision covers

his Title VII and/or § 1981 claims. Indeed, the arbitration agreement in question even specifically

references "race discrimination" claims as noted in the above-referenced text. Simply put,

Plaintiff has not (and cannot) dispute the existence of an express delegation provision in the

arbitration agreement and the fact that his pending race discrimination claims are expressly

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

3

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

covered by the arbitration provision.[5] Accordingly, the present case must be referred to arbitration. *See Chiron Corp.*, 207 F.3d at 1131; *see also Rent-A-Ctr.*, 561 U.S. at 72.

    **C.  Plaintiff's Argument That He Did Not "Agree" to Conn's DRP Because He Did Not Read it is Nonsensical and Has Been Expressly Rejected by Binding Arizona Courts.**

    Since the only issue presently before the Court is whether the parties agree to arbitrate, Plaintiff has argued that he did not "agree" to the DRP because he did not read it. This argument is contrary to established case law. There is no dispute that Plaintiff signed the DRP upon the commencement of his employment with Conn's. The DRP was attached to the Motion at Doc. 12-1. Indeed, Plaintiff concedes that the document "does bear [Plaintiff] Drake's signature." (Doc. 24 at p. 6). Faced with this undisputed fact, Plaintiff argues that although this document bears his signature, he "did not agree or assent to be bound by Conn's DRP" because he purportedly signed the document as part of the hiring/training process with Conn's, which included his agreement to sign multiple forms and documents that he did not fully review before signing. (Doc. 24 at p. 2).

    It is a firmly-established principal in contract law that a party to a contract cannot seek to avoid enforcement of the contract by merely claiming that they did not read the contract before signing it, and/or that they were not given enough time to review the document. *Rocz v. Drexel Burnham Lambert, Inc.*, 154 Ariz. 462, 466, 743 P.2d 971, 975 (Ct. App. 1987); *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 949 (D. Ariz. 2011); *See also In re Halliburton Co.*, 80 S.W.3d 566, 570 (Tex. 2002). Thus, Plaintiff's admitted failure to read the DRP does not bar its enforcement.[6]

    **D.  The DRP Is Not Procedurally Unconscionable – Plaintiff's Argument that the Arbitration Agreement is an Unenforceable Adhesion Contract and Unfairly One-Sided is Without Merit.**

    Plaintiff next tries to sidestep enforcement of the DRP by arguing that it is procedurally unconscionable because it is an unenforceable adhesion contract and unfairly one-sided. But, in

---

[5] The DRP contains a severability clause. In the event an arbitrator determines that any provision of the DRP is unenforceable, the provision may be severed. (Doc. 12-1, p. 14).

[6] Plaintiff would have the Court mistakenly believe that Conn's bears the burden of proving that the parties reached an agreement to arbitrate. However, established case law holds otherwise. The party seeking to ***avoid contract enforcement*** is the one who bears the burden of proof. *See Wistuber v. Paradise Valley Unified Sch. Dist.,* 141 Ariz. 346, 350, 687 P.2d 354, 358 (1984).

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

1  Arizona, plaintiffs challenging an arbitration agreement on the basis of unconscionability "have a

2  high bar to meet." *Longnecker*, 23 F. Supp. 3d at 1108. Here, Plaintiff cannot demonstrate the

3  agreement is unconscionable. "[A] party to a standardized contract is bound by all the terms of

4  the contract even if those terms that were not bargained for, understood, or even read by the party

5  at the time of contracting." *Coup*, 823 F. Supp. 2d at 949 (internal quotations omitted).

6       Preliminarily, "[t]here is no Arizona law supporting the assertion that a finding of

7  adhesion equates to a finding of procedural unconscionability." *Longnecker*, 23 F. Supp. 3d at

8  1109 (internal citation omitted). Plaintiff's contention that arbitration agreements are

9  unconscionable due to unequal bargaining power and a take-it-or-leave-it basis is simply

10 wrong. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (U.S. 1991)

11 ("inequality in bargaining power … is not a sufficient reason to hold that arbitration

12 agreements are never enforceable in the employment context"). Indeed, "an agreement may

13 be enforceable even if the terms offered are not negotiable … [or] if the weaker party does not

14 understand all of the terms included in an agreement." *Equal Employment Opportunity*

15 *Comm'n v. Cheesecake Factory, Inc.*, CV08-1207-PHX-NVW, 2009 WL 1259359 at *3 (D.

16 Ariz. May 6, 2009). Similarly, acknowledgments of agreements to arbitrate are

17 "presumptively valid and enforceable, whether or not [Plaintiffs] read [them] or appreciated

18 [their] full effect." *Coup*, 823 F. Supp. 2d at 947 (internal quotations omitted, alteration in

19 *Coup*). Here, the DRP acknowledgment signed by Plaintiff expressly states that "I understand

20 that I am agreeing to substitute on dispute resolution form (arbitration) for another (litigation)

21 and that I am, hereby, waiving my right to have covered disputes resolved by a court and/or

22 jury." (Doc. 12-1 at p. 15). *See id.* at 949.

23       Plaintiff's argument that the arbitration agreement is unconscionable because it is

24 one-sided is also without merit. *See, e.g., Ingle*, 328 F.3d at 1172-73 (arbitration

25 agreement is only unconscionable where terms "so one-sided as to shock the

26 conscience"). So long as they "contain adequate consideration, [arbitration agreements]

27 need not have mutuality or equivalency of obligation" to be enforceable. *Id.* (quotations

28 omitted). Here, the agreement to arbitrate as a condition of employment contains adequate

1   consideration and Plaintiff has not argued otherwise. *See, e.g., K-Line Builders, Inc. v.*

2   *First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (App. 1983);

3   *Compass Bank v. Hartley*, 430 F. Supp. 2d 973, 978 (D. Ariz. 2006).[7]

**E. Whether Certain Provisions in the DRP are Substantially Unconscionable are
Issues for the Arbitrator Not this Court; However, If This Court is Inclined to
Consider Them, Plaintiff's Substantive Unconscionability Arguments Fail.**

6   As set forth above, the only issue before this Court is whether the agreement to

7   arbitrate is enforceable. *Chiron Corp*, 207 F.3d at 1131. The ***arbitrator*** must rule on the

8   enforceability of certain allegedly substantially unconscionable provisions contained in

9   the DRP. But if the Court is inclined to consider Plaintiff's arguments regarding the

10  DRP's purportedly substantively unconscionable provisions, Plaintiff's arguments fail as a

11  matter of law, as explained below.

**1.  The DRP's Confidentiality Requirement Does Not Render the DRP
Substantively Unconscionable.**

13  To begin, Plaintiff's argument that the DRP's requirement that arbitration be

14  confidential renders the DRP unconscionable inappropriately relies in part on California law. *See*

15  Footnote 1 *supra.* Plaintiff's argument next incorrectly relies on the *Longnecker* holding. (Doc.

16  12 at p. 11). In *Longnecker*, the court held that the confidentiality clause in the agreement was

17  unconscionable because it was unfairly one-sided, as it "require[d] that anything and everything

18  pertaining to the arbitration remain confidential." 23 F.Supp.3d at 1110. Specifically, the

19  agreement stated: "All proceedings under this Policy are private and confidential . . ." In so

20  holding, the *Longnecker* Court distinguished the American Express arbitration agreement to a

21  separate agreement in *Monsanto v. DWW Partners, LLP*, Case No. CV-09-01788-PHX-FJM,

22  2010 WL 234952 at *3 (D. Ariz. Jan. 15, 2010), where the court held the agreement "neither

23  overly broad nor unfairly only-sided," and therefore not substantially unconscionable. *Id.* The

24  *Longnecker* court stated that the American Express agreement was "not similar to" the

---

[7] Plaintiff's arguments regarding one-sidedness are misleading because they ignore that
the DRP's provisions are binding upon Conn's as well (i.e. Plaintiff overlooks that the
DRP introduction advises that "CONN'S likewise agrees to use binding arbitration as the
exclusive forum for resolving employment disputes covered by Conn's Dispute
Resolution Plan.") (Doc. 12-1 at p. 8).

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

agreement in *Monsanto* because the *Monsanto* agreement only required that a term providing for communications in connection with ***arbitration proceedings*** be privileged. *Id.*

Here, the Conn's DRP is distinguishable from the agreement in *Longnecker* and more analogous to the agreement in *Monsanto*. The Conn's DRP only renders the arbitration proceeding confidential, not ***all communications in connection*** with the arbitration, as it merely states that "the procedure shall be conducted on a confidential basis." (Doc. 12-1 at p. 12). Thus, the DRP does not render confidential "anything and everything related to the arbitration proceeding" like the agreement in *Longnecker*. As such, the DRP's confidentiality provision is not unconscionable.

**2.** The DRP's Venue Provision Does Not Render the DRP Unconscionable Because it is Well-Established That Unambiguous Venue Provisions are Enforceable.

In an attempt to overcome the case law in favor of forum selection clauses, Plaintiff cites to the agreement in a single case, *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006). However, the *Nagrampa* case can easily be distinguished from the arbitration agreement present before the Court. The arbitration agreement in *Nagrampa*, **did not identify the location of the arbitration with specificity**. Rather, the agreement stated: "The arbitration will occur at the offices of the American Arbitration Association **nearest our home office**." *Id.* at 1291 (emphasis added). On appeal, the Ninth Circuit held that because the appellant did not receive **actual notice** of the forum selection (i.e., actual notice of the city in which the arbitration would occur), such that the arbitration agreement's venue provision was unenforceable. The Court also made clear that arbitration agreements that <u>do</u> provide actual notice of what jurisdiction the parties have agree to are enforceable. *Id.* at 1291 – 92.

Here, the DRP clearly and unequivocally identified the location of arbitration as Beaumont, Texas. (Doc. 12-1 at p. 13). This provided adequate forum notice as a matter of law. *Intershop*, 104 Cal. App. 4th at 200, 127 Cal. Rptr. 2d at 855. The DRP also makes Beaumont, Texas the mandatory forum. *Id.* Although Plaintiff claims that his inconvenience and expense associated with arbitration makes the agreement unconscionable, this argument was expressly rejected by the Ninth Circuit in *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

2016) ("mere inconvenience or additional expense does not make the locale unreasonable"). As such, the DRP's venue provision is not substantively unconscionable.

Plaintiff also relies upon several California cases in support of his position that the Texas venue provision renders the DRP unconscionable. However, as noted above (Footnote 1 *supra*) California law regarding arbitration agreements is inapplicable. [8]

**3.** The DRP Does Not Modify Substantive Protections Provided Under Applicable Laws.

While Plaintiff generally alleges that the DRP "unreasonably" shortens statutes of limitations, Plaintiff has not identified which statutes of limitation he alleges were unreasonably shortened. It is generally held that contracting parties may agree to shorten limitations periods in an arbitration agreement:

> [I]t is well established that, in the absence of a controlling statute to the contrary, **a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations**. . . .

*Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947) (emphasis added). In fact, the Supreme Court reaffirmed that holding as recently as 2013. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 611 (2013).

To the extent Plaintiff's argument can be read to claim that Conn's improperly shortens the filing deadline to pursue a race discrimination claim through the EEOC by way of an administrative charge, this argument is contrary both to the written agreement and established case law. The DRP is no way impacts the administrative charge filing deadlines provided under state or federal law. *EEOC v. Cosmair, Inc. L'Oreal Hair Care Div.*, 821 F.2d 1085, 1090 (5th Cir. 1987). In fact, the arbitration agreement is not binding on administrative agencies who are not a party to the agreement. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).[9]

---

[8] Nevertheless, if the Court is inclined to consider California case law on this issue, then the Court should take note that both California appellate courts and the Ninth Circuit have upheld forum selection provisions in cases similar to the present case. *See Intershop Commc'ns v. Superior Court*, 104 Cal. App. 4th 191, 196, 127 Cal. Rptr. 2d 847, 850 (2002).

[9] Finally, Plaintiff incorrectly relies upon California law (*See* Footnote 1 *supra*). The following are California cases: *Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 16 Cal. Rptr. 3d 296 (2004); *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 12 Cal. Rptr. 3d 663 (2004). The following are Ninth Circuit cases applying California

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FPDOCS 35157449.1

**4.** <u>Plaintiff's Argument That His Lack of Right to Seek Injunctive Relief Under the DRP is Substantively Unconscionable is Not Supported by any Applicable Law.</u>

Drake's argument that the DRP is substantively unconscionable because he purportedly does not have the right to seek injunctive relief under the DRP is without merit. To begin, two of the cases relied upon by Plaintiff (*Pokorny v. Quixtar, Inc.*, 601 F. 3d 987 (9th Cir. 2010) and *Batory v. Sears, Roebuck and Co.*, 456 F. Supp. 2d 1137 (D. Ariz. 2006)) are completely inapplicable because they have literally nothing to say about a Plaintiff's alleged inability to seek injunctive relief invalidating an arbitration agreement based on substantive unconscionability grounds.  The remaining cases explicitly prohibit only the employee and not the employer from seeking injunctive relief, unlike the Conn's DRP. For example, an employment arbitration agreement in *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 92, 6 P.3d 669, 675 (2000) explicitly stated that the employee understood that he/she "shall not be entitled to any . . . remedy [other than arbitration], at law or in equity, including but not limited to . . . **injunctive relief**." Similarly, the employment agreement in *Carlson v. Home Team Pest Def., Inc.*, 239 Cal. App. 4th 619, 634, 191 Cal. Rptr. 3d 29, 41 (2015) entitled the employer to seek "temporary preliminary, final **injunctions**." Conversely, no such provision exists in the Conn's agreement.

Here, while Plaintiff generally alleges that he "has no such right to a judicial forum for injunctive relief," he has not cited to any specific provision that states this in the arbitration agreement. To the contrary, it is well-established that "where a dispute is subject to mandatory arbitration under the Federal Arbitration Act, a district court has the discretion to grant a preliminary injunction to preserve the status quo pending the arbitration . . ." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1053 (4th Cir. 1985); *see also All. Consulting, Inc. v. Warrior Energy Res., LLC*, No. 5:17-CV-03541, 2017 WL 3485004, at *1 (S.D.W. Va. Aug. 14, 2017).

**5.** <u>The DRP's Requirement That the Parties Exhaust Conn's Internal Grievance Process Before Filing an Arbitration Claim is Enforceable Because it Requires Both Parties to</u>

state law: *Pokorny v. Quixtar, Inc.*, 601 F.3d 987 (9th Cir. 2010); *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. 2007); and *Ingle*, 328 F.3d at 1165.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

Submit to the Process Before Arbitration.

Plaintiff next argues that the DRP's requirement that he exhaust Conn's internal grievance process before arbitration render the agreement unconscionable. In reliance on this argument, Plaintiff cites to *Pokorny*, where the employer had an arbitration agreement that required an employee to submit any claims to mediation before the **employee** could pursue arbitration. 601 F.3d at 993. However, the agreement was not mutual and did not require the employer to follow the same internal procedures before the employer pursued causes of action against its employees. Based on the one-sided nature of the internal grievance procedures, the *Pokorny* court held that the non-binding conciliation portion of the agreements were substantively unconscionable under **California** law. *Id.* at 998. Here, unlike in *Pokorny*, the DRP requires both Conn's and its employees to submit the dispute to the internal resolution process before pursuing a cause of action against the other through arbitration. (Doc. 12-1 at p.10). Since the obligation to follow the grievance process as a prerequisite to arbitration is mutually applied, the agreement is in no way unconscionable.

**6.** Conn's Right to Modify or Cancel the DRP Does Not Render the DRP Unconscionable Under the Applicable Case Law.

Plaintiff also contends that the DRP is unenforceable because "[t]he DRP gives Conn's an unfettered right to modify or cancel its DRP at any time." (Doc. 24 at p. 15). To begin, this is an illusory argument because Plaintiff has not alleged that Conn's ever exercised this right. Moreover, the express language states that the argument can only be changed by Conn's upon prior notice to Plaintiff. (Doc. 12-1 at p. 13) ("CONN'S reserves the right to change, modify or eliminate this Dispute Resolution Plan at any time with appropriate notice to affected persons 10 days prior to any change . . .").[10]

This argument further fails as a matter of law because it is well-established that a party's retention of a unilateral right to modify an agreement's terms does not render an agreement unconscionable. *Ashbey*, 612 Fed. Appx. at 432. That is, "it has long been the

---

[10] Even assuming arguendo that Conn's chose to exercise this right, Plaintiff could have chosen to not continue his employment with Conn's if he was not willing to agree to the new terms he was given advance notice of.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

rule that a provision in an agreement permitting one party to modify contract terms does not, standing alone, render a contract illusory because the party with that authority may not change the agreement in such a manner as to frustrate the purpose of the contract." *Serpa v. California Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 706, 155 Cal. Rptr. 3d 506, 514 (2013), *as modified* (Apr. 19, 2013), *as modified* (Apr. 26, 2013).

**F. The DRP Is Binding and Mandatory, Not Permissive.**

Finally, Plaintiff argues that the DRP is permissive, not mandatory. This argument is contrary to the express language of the DRP. The first page of the DRP refers to a "**MANDATORY ARBITRATION PROCEDURE**" (emphasis in original) and states that "Under CONN'S Dispute Resolution Plan, certain disagreements that may arise in connection with your ... employment with CONN'S … **must** be submitted for binding arbitration" (emphasis added). The next page again mandates binding arbitration as follows "As a condition of … your employment … at CONN'S … you agree that any controversy or claim arising out of or relating to your … employment … **must be submitted for final and binding resolution by an impartial arbitrator**." (emphasis added). In an attempt to side-step this language that clearly makes arbitration mandatory, Plaintiff cites to a single sentence on page 4 of the DRP that states "If a covered dispute remains unresolved after recourse under Conn's Internal Dispute Resolution Process, either party may submit the dispute for resolution to final binding confidential arbitration under Conn's Dispute Resolution Plan . . ." However, Plaintiff has completely mischaracterized this single sentence and taken it out of context. The use of the term "may" in this context simply refers to the fact that unresolved disputes can be submitted to arbitration after going through Conn's internal process, but need not do so if they are satisfied with the Process. In other words, neither party is forced to pursue a claim that has been pursued through the internal grievance process. But if either party is unhappy with the result and wishes to pursue the dispute after completing the Process, the parties must arbitrate the dispute. Given the above-referenced mandatory arbitration language, the DRP does not permit any party to file covered claims in any forum other than arbitration.

11

1    DATED this 22nd day of March 2019.

2                                              FISHER & PHILLIPS LLP

3                                              By s/ Lori A. Guner
                                                    Shayna H. Balch
4                                                  Lori A. Guner
                                                   3200 N. Central Avenue, Suite 805
5                                                  Phoenix, Arizona 85012-2407
                                                   Attorneys for Defendant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FPDOCS 35157449.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Stephen Montoya
Montoya, Lucero & Pastor, P.A.
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiff


 s/ Michelle C. Colwell

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FPDOCS 35157449.1